Freedman, J.
This action is brought by the plaintiff as owner of certain real property situate on Fifty-third street, in this city, to obtain equitable relief for damages sustained by reason of the construction and operation of an elevated railroad| in front of his premises.
The defendants claim, in the first place, that the plaintiff is not entitled to a- judgment of injunction, or any equitable relief whatever, because the construction and completion of the elevated railroad amounted to a permanent taking of plaintiff’s property, viz.: The easement-appertaining to his land—for which taking, the common law affords an adequate remedy in an action for damages.
And, in the second place, it is claimed by the defendants that, inasmuch as the road was completed in January, 1879, and the present action was not commenced until May 26, 1887, the plaintiff’s claim for damages is barred by the statute, which limits the time for the commencement of such an action to six years.
The first point was directly involved in the case of the New York National Exchange Bank v. The Metropolitan Elevated Railway Company (53 N. Y. Superior Ct. Rep., 511), and from the briefs of the counsel for the respective-parties, both at the general term and the court of appeals, it appears that it was severely litigated. It was decided, however, adversely to the defendants.
As a'necessary corollary, the statute of limitations is no-bar to the present action, although, as will be hereinafter shown, it bears upon the question as to the period for which loss of rental value may be recovered.
Upon the proofs, the plaintiff establised a cause of action *855 •within the decisions made in the elevated railway cases, both for loss of rental value since the completion of the road, and for depreciation of the fee value.
It is claimed, however, that the plaintiff can recover only nominal damages for loss of rental value, because during the whole period in question he was the occupant of the premises. This has been held to be the rule in the case of a corporation in the absence of evidence that additional expense was incured. Seventh Ward National Bank v. N. Y. Elevated R. R. Co. (53 N. Y. Supr. Ct. Rep., 412). But it was there conceded that in the case of an individual occupant, the rule is otherwise, whenever it appears that the premises were rendered disagreeable and uncomfortable. In the case at bar the evidence fully establishes that additional fact. Under all the circumstances disclosed, I am clearly of the opinion that the plaintiff is entitled to recover the full loss of the rental value caused by the excessive street use of which the defendants have been guilty in Fifty-third street, but that, in view of the plea of the Statute of Limitations, the recovery must be confined to the six years preceding the commencement of the action. To this may be added, as was done in the case of the N. Y. National Bank, the damage from the commencement of the action to the time of the trial.
The case last referred to has recently been affirmed by the court of appeals after elaborate and exhaustive argument, and embodies the latest decision by that court in this line of cases. It consequently constitutes a safe guide to follow, and I propose to follow it strictly. Under the decision of that case and the facts found by me in the present case, showing a loss of rental value during the six years preceding the commencement of the action, and up to the time of the trial, at the rate of at least $700 per annum, and amounting altogether to $4,725, and that the value of so much of plaintiff’s easement as was taken by the defendants was at the time of such taking and also at the time of the trial, the sum of at least $9,000, the plaintiff is entitled,
First. To a money judgment against the defendants for the said sum of $4,725, with interest from the day of the trial, and the costs and disbursements of the action inclusive of an allowance, and
Second. To a judgment granting an injunction to prevent the further operation of the road from and after a future day to be named.
The judgment should, however, further provide that the -defendants may buy so much of the easement of the plaintiff as was taken by them for the purposes of the road, for the sum of $9,000, with interest from the date of the entry of the judgment, and that in case of such purchase and pay *856 ment of such price and interest, the plaintiff shall make proper conveyance and there shall be no injunction. For these purposes-thirty days are considered sufficient.